IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY AARON BAXTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01007-STA-egb |
| | ) | |
| RUSSELL WASHBURN, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER ADDRESSING PETITIONER'S MOTIONS
AND DIRECTING RESPONDENT TO RESPOND

Before the Court are the following motions of Petitioner Timothy Aaron Baxter: (1) Motion for Recusal (ECF No. 6)—as well as a Motion to Render Decision regarding the recusal Motion (ECF No. 16); (2) Motion for Conditional Release Pending Federal Habeas Corpus Review (ECF No. 7); (3) Motion to Set Evidentiary Hearing (ECF No. 8); (4) Motion for Partial Summary Judgment (ECF No. 9); (5) Motion for Judicial Estoppel (ECF No. 10); (6) Motion for Entry of Default by Clerk of Court (ECF No. 15); and (7) Motion for Rule Enforcement (ECF No. 17). These motions all arise from Baxter's underlying *pro se* Petition (ECF No. 1) for habeas corpus relief (the "Petition"). The Court addresses each Motion below.

For the reasons that follow, Petitioner's Motion to Render Decision on the recusal Motion is **GRANTED**, but the Motions for Recusal, Conditional Release, Partial Summary Judgment, Entry of Default, Judicial Estoppel, Evidentiary Hearing, and Rule Enforcement are hereby **DENIED**. Further, Respondent Russell Washburn is **DIRECTED** to file a response to the allegations set forth in the Petition in accordance with the instructions below.

# **FEDERAL HABEAS CLAIMS**

In October 2017, Petitioner filed his Petition pursuant to 28 U.S.C. § 2254.[1] The Petition sets forth the following challenges to Baxter's conviction for failure to appear on an aggravated assault charge:

1. "The evidence underlying Baxter's conviction for failure to appear fails to satisfy the sufficiency standard of *Jackson v. Virginia*, 1979."[2] Pet. Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody, at 5, Oct. 23, 2017, ECF No. 1.

2. "Pervasive Government misconduct, secretive, selective, vindictive, and Baxter was denied a preliminary hearing preventing exercise of 4th Amendment violation."[3] *Id.* at 6.

3. "State trial court abused its discretion by allowing admission of hearsay evidence violating *Crawford v. Washington*, supra."[4] *Id.* at 8.

4. "Baxter's trial counsel was ineffective at trial and on direct appeal and Baxter's post-conviction counsel was ineffective, *Martinez v. Ryan*."[5] *Id.* at 10.

---

[1] On October 23, 2017, the Clerk of Court received a document from Petitioner on the Court's official 28 U.S.C. § 2254 form. The document was docketed incorrectly as an amendment to Baxter's pending § 2254 petition in case number 1:13-cv-1306-JDB-egb, in which he is challenging his aggravated assault conviction. *See Baxter v. Washburn*, 1:13-cv-01306-JDB-egb, ECF No. 56. In January 2018, Senior Judge J. Daniel Breen ordered that the October 2017 document be stricken from the docket in that case and refiled so as to initiate a new case. *Id.* at ECF No. 67. The document was thereafter filed as the Petition in the present case with a retroactive filing date of October 23, 2017.

[2] The Court has omitted a number of alterations to capitalization for the sake of clarity.

[3] *See supra* note 2.

[4] *See supra* note 2.

**PENDING MOTIONS**

I. **Motions for Recusal and to Render Decision**

On February 26, 2018, Petitioner filed a Motion for Recusal, requesting that the undersigned judge be recused from this case. In support, he cites "asserted claims of judicial bias and conflict of interest in" his 2010 civil rights case, over which the undersigned presided.[6] Mot. for Recusal, at 1, Feb. 26, 2018, ECF No. 6. He contends that recusal is proper because the civil rights case "is still pending at the Sixth Circuit Court of Appeals." *Id.* On April 30, 2018, Baxter filed a Motion to Render Decision, in which he requests that the Court rule on his recusal Motion.

Bias sufficient to justify recusal must be personal, arising out of the judge's background, and not based on the judge's interpretation of the law. *Taylor Acquisitions, L.L.C. v. City of Taylor*, 313 F. App'x 826, 838 (6th Cir. 2009) (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *Ullmo ex rel. Ullmo v. Gilmour Acad.*, 273 F.3d 671, 681 (6th Cir. 2001)). "[A] judge is presumed to be impartial, and the party seeking disqualification bears the substantial burden of proving otherwise." *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 352 (6th Cir. 2007) (quoting *United States v. Dention*, 434 F.3d 1104, 1111 (8th Cir. 2006)) (internal quotation marks omitted).

Petitioner here has not met his burden of proving personal bias. He does not identify specific facts to support the conclusory allegation of "judicial bias and conflict of interest."

---

[5] *See supra* note 2.

[6] *See Baxter v. Tennessee, et al.*, No. 2:10-cv-2667-STA-tmp.

Additionally, the mere fact that the undersigned participated in Petitioner's civil rights case does not support a demand for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of . . . prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."). Finally, there is no prejudice to Petitioner resulting from the pendency of the appeal in his civil rights case; the appeal was dismissed by the Sixth Circuit for want of prosecution five months before Baxter filed his recusal motion. *Baxter v. Tennessee, et al.*, No. 17-5565 (6th Cir. Sept. 15, 2017); *see also Baxter v. Tennessee, et al.*, No. 2:10-cv-2667-STA-tmp, ECF No. 358 ("It is therefore **ORDERED** that this cause be, and it hereby is, dismissed for want of prosecution.").

Petitioner's Motion to Render Decision on the Motion for Recusal is hereby **GRANTED**. And for the reasons stated, Petitioner's Motion for Recusal is **DENIED**.

## II.     Motion for Conditional Release

In his Motion for Conditional Release Pending Federal Habeas Corpus Review, Petitioner seeks to be released on his own recognizance or on bond pending a decision on his Petition. He asserts that "he is more than likely to succeed on the merits" of his Petition, "has never posed *any* possibility of flight," and does not "pose any danger to the community." Mot. for Cond'l Release Pending Federal Habeas Corpus Review, at 4, Feb. 26, 2018, ECF No. 7 (emphasis in original).

This Court is authorized to order the release of prisoners, in appropriate circumstances, pending resolution of their habeas petitions. Fed. R. App. P. 23(b). "In order to receive bail pending a decision on the merits, prisoners must be able to show not only a substantial claim of law based on the facts surrounding the petition but also the existence of 'some circumstance making [the motion for bail] exceptional and deserving of special treatment in the interests of justice.'" *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (quoting *Aronson v. May*, 85 S. Ct. 3 (1964)) (citing *Martin v. Solem*, 801 F.2d 324, 329–30 (8th Cir. 1986); *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981)) (alteration in original). The Sixth Circuit has observed that "[t]here will be few occasions where a prisoner will meet this standard." *Id.*

Baxter's Motion does not demonstrate exceptional circumstances warranting his release pending a decision on his Petition. Baxter is serving a twelve-year sentence as a persistent offender for aggravated assault and six additional years at 60% for failure to appear on the aggravated assault charge. His Petition raises garden-variety challenges to his failure-to-appear conviction. Nothing in his Motion persuades the Court that exceptional circumstances exist warranting his release at this time.

The Motion for Conditional Release is therefore **DENIED**.

### III. Motions for Summary Judgment, Judicial Estoppel, and Entry of Default

On February 26, 2018, Petitioner filed a Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56, a statement of undisputed facts (ECF No. 12), a supporting memorandum (ECF No. 11), and a Motion for Judicial Estoppel. Liberally construed, this Motion seeks entry of judgment in Baxter's favor on Claims 1, 2 and 3. The statement of

5

undisputed facts alleges, among other things, that the state prosecutor made false representations to the Court at Baxter's trial for failure to appear.  Statement of Undisputed Facts, at 5, Feb. 26, 2018, ECF No. 12.  In his judicial estoppel Motion, Petitioner asserts that the State cannot now "denounce [the] false testimony" of the state prosecutor.  Mot. for Judicial Estoppel, at 4, Feb. 26, 2018, ECF No. 10.  And then, on April 2, 2018, Petitioner filed a Motion for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a), for Respondent's failure to respond to the Motion for Partial Summary Judgment.

Baxter's Motion for summary judgment does not adequately state why such a Motion is appropriate in this case.  Habeas practice is governed by the Rules Governing Section 2254 Cases in the United States District Courts (individually, "Habeas Rule").  And Habeas Rule 8(a) authorizes the Court to examine the Petition, the answer, and the state court record to determine whether an evidentiary hearing will be required.  If a hearing is not required, the Court may resolve the issues raised in the petition on the record submitted.  *See* Habeas Rule 8(a).  If an expansion of the record or an evidentiary hearing is needed, the Court may so order, *see* Habeas Rule 8(a)–(c), consistent with 28 U.S.C.§ 2254(e)(2).

The Motion for Partial Summary Judgment is therefore **DENIED** as unnecessary, and the Motions for Judicial Estoppel and Entry of Default are accordingly **DENIED** as moot.

### IV. Motion to Set Evidentiary Hearing

On February 26, 2018, Petitioner filed a Motion to Set Evidentiary Hearing.  He argues that an evidentiary hearing is needed to "resolve the issue of the State refusing to produce all the relevant portions of the pre-trial record, and the complete transcript of the entire trial and

testimony in the state court." Mot. to Set Evidentiary Hearing, at 1, Feb. 26, 2018, ECF No. 8. He alleges that the State is not allowing him, "his prior appointed counsel, [or] . . . his family to retrieve" the transcripts of certain hearings. *Id.* at 2.

Respondent has not yet been ordered to respond to the Petition. *See* Habeas Rule 5(a) ("The respondent is not required to answer the petition unless a judge so orders."). By this Order, the Court will direct Respondent to file the state court record and a response to the Petition. If Respondent has any affirmative defense, such as a timeliness or procedural-default defense, Habeas Rule 5(b) requires him to assert the defense in his response. *See* Habeas Rule 5(b). If an affirmative defense is advanced and proves to be meritorious, a hearing on the merits of Petitioner's claims will be unnecessary.

The Motion for an Evidentiary Hearing is therefore **DENIED** as premature but without prejudice to refile after Respondent has filed the state court record and responded to the Petition.

V.    **Motion for Rule Enforcement**

In his Motion for Rule Enforcement, Petitioner requests that Respondent be sanctioned with a "forfeiture of defenses" or entry of default judgment for his alleged failure to respond to the Petition. Mot. for Rule Enforcement, at 1, May 7, 2018, ECF No. 17. But this Motion misapprehends at least two procedural points. First, and as already noted, a respondent is not required to respond to a § 2254 petition until the court so orders. *See* Habeas Rule 5(a). Because the Court has not yet ordered Respondent to respond to the Petition, there is no ground for sanctions. Second, an entry of a default judgment is not an appropriate sanction in a federal habeas proceeding. *Harris v. Warden, London Corr. Inst.*, No. 17-3944, 2018 WL 1224456, at

*2 (6th Cir. Mar. 1, 2018) (citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970)).  Therefore, Petitioner's requested relief would be unavailable to him even if sanctions were warranted.

Accordingly, Petitioner's Motion for Rule Enforcement is hereby **DENIED**.

### **RESPONSE AND REPLY**

As the Court indicated above, it will now order Respondent to respond to the Petitioner: Respondent is hereby **DIRECTED**, pursuant to Habeas Rule 4, to file a response to the Petition within twenty-eight (28) days.  Respondent is advised to read the following paragraph carefully because many of the requirements for his response are new.

For each claim presented, the answer shall state whether the claim was exhausted, in whole or in part, in state court and shall assert appropriate procedural defenses.  Where only a portion of a claim has been exhausted in state court, the answer shall specify the aspects of the claim that were exhausted and the aspects of the claim that are subject to procedural defenses. Where a merits analysis is appropriate, the answer shall: (1) cite the state court ruling for an exhausted claim; (2) identify the clearly established Supreme Court precedent governing the claim; and (3) respond to the Petitioner's argument that he is entitled to habeas relief with appropriately reasoned legal and factual argument.  The response shall include the complete state-court record, as defined in Administrative Order 16-31.  The record shall be organized and appropriately indexed in the manner specified in Administrative Order 16-31.  Each docket entry in CM-ECF shall have a label corresponding to the index.

Pursuant to Habeas Rule 5(e), Petitioner may, if he chooses, submit a reply to Respondent's answer or response within twenty-eight (28) days of service.  Petitioner may

request an extension of time to reply if his motion is filed on or before the due date of his reply. The Court will address the merits of the Petition, or of any motion filed by Respondent, after the expiration of Petitioner's time to reply, as extended.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Render Decision is **GRANTED**, but his Motions for Recusal, Conditional Release, Partial Summary Judgment, Entry of Default, Judicial Estoppel, Evidentiary Hearing, and Rule Enforcement are all **DENIED**.

Additionally, Petitioner is cautioned that further motions filed before Respondent files a response will delay the resolution of this case.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 19, 2018.