IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY AARON BAXTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-01007-STA-egb |
| | ) | |
| RUSSELL WASHBURN, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING MOTIONS
AND
DIRECTING RESPONDENT TO RESPOND TO THE
MOTION TO SUPPLEMENT THE RECORD

Before the Court are the following motions of Petitioner Timothy Aaron Baxter: (1) Motion to Alter or Amend (ECF No. 19); (2) Motion to Hold in Abeyance Motion to Alter or Amend (the "Abeyance Motion") (ECF No. 20); (3) Motion for Limited Certificate of Probable Cause (ECF No. 23); and (4) Motion to Supplement the Record (ECF No. 31).

For the reasons that follow, Petitioner's Motion to Alter or Amend, Abeyance Motion, and Motion for Limited Certificate of Probable Cause are hereby **DENIED**. Further, Respondent Russell Washburn is **DIRECTED** to respond to the Motion to Supplement the Record.

**FEDERAL HABEAS CLAIMS**

In October of 2017, Petitioner filed a *pro se* petition for habeas corpus relief (the "Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Petition sets forth the following challenges to Baxter's conviction for failure to appear on an aggravated assault charge:

1

1. "The evidence underlying Baxter's conviction for failure to appear fails to satisfy the sufficiency standard of *Jackson v. Virginia*, 1979."[1] (*Id.* at 5.)

2. "Pervasive government misconduct, secretive, selective, vindictive, and Baxter was denied a preliminary hearing preventing exercise of 4th Amendment violation." (*Id.* at 6.)

3. "State trial court abused its discretion by allowing admission of hearsay evidence violating *Crawford v. Washington*, supra." (*Id.* at 8.)

4. "Baxter's trial counsel was ineffective at trial and on direct appeal and Baxter's post-conviction counsel was ineffective, *Martinez v. Ryan*." (*Id.* at 10.)

## **PENDING MOTIONS**

On June 19, 2018, the Court denied all eight of Petitioner's then-pending motions, and directed Respondent to respond to the Petition and file the state court record. (ECF No. 18.) On July 9, 2018, Petitioner filed the Motion to Alter or Amend, followed one week later by his Abeyance Motion. He filed his Motion for Limited Certificate of Probable Cause on July 26, 2018. (ECF No. 23.) On August 16, 2018, Respondent filed the state court record (ECF No. 26) and his answer to the Petition (the "Answer") (ECF No. 27). Baxter filed a reply (the "Reply") (ECF No. 29) and his Motion to Supplement the Record. Respondent has not answered any of the pending motions.

**A. Motion to Alter or Amend and Abeyance Motion**

In his Motion to Alter or Amend, Petitioner "requests [that] the [C]ourt . . . alter or amend" that portion of its order (ECF No. 18) denying his motion for summary judgment. (ECF No. 19 at 4.) Baxter further asks that Respondent be directed to file a response to the summary judgment

---

[1] For readability, quotations from the Petition are corrected for irregular capitalization.

2

motion. (*Id.*) The Motion to Alter or Amend essentially seeks reconsideration of the Court's denial of summary judgment.

In its June 2018 order (ECF No. 18), the Court explained that summary judgment is generally not an appropriate procedural vehicle for addressing claims brought under § 2254. (ECF No. 18 at 6.) It further explained that the *Rules Governing Section 2254 Cases in the United States District Courts* ("Habeas Rules")

> authorize[] the Court to examine the Petition, the answer, and the state court record to determine whether an evidentiary hearing will be required. If a hearing is not required, the Court may resolve the issues raised in the petition on the record submitted. *See* Habeas Rule 8(a). If an expansion of the record or an evidentiary hearing is needed, the Court may so order, *see* Habeas Rule 8(a)-(c), consistent with 28 U.S.C.§ 2254(e)(2).

(ECF No. 18 at 6.)

As noted, after Baxter filed his motion to Alter or Amend, Respondent filed the state court record and his Answer, and Petitioner filed his Reply and the Motion to Supplement the Record. Therefore, for the reasons stated in the June 2018 order (ECF No. 18), and in light of the subsequent filings which have brought the issues squarely before the Court under the process provided for in the Habeas Rules, the Motion to Alter or Amend is **DENIED**.

The Abeyance Motion requests that the Court "stay resolution of [Petitioner's] Motion to Alter or Amend . . . pending Respondent's filing of the entire state court record and response to the [P]etition." (ECF No. 20 at 1.) Respondent having filed the record and his Answer, and the Court having denied the Motion to Alter or Amend, the Abeyance Motion is **DENIED** as moot.

### B. Motion for Limited Certificate of Probable Cause

In its June 2018 order (ECF No. 18), the Court denied Petitioner's request to be released on bond pending a decision on his § 2254 claims, finding that he had not "demonstrate[d] exceptional circumstances" justifying his release. (ECF No. 18 at 5.) Petitioner now "seek[s] a limited certificate of probable cause" authorizing him to appeal the denial of his motion for release on bond. (ECF No. 23 at 1.) The Court construes the motion as a request for a certificate of appealability ("COA"). *See Gonzalez v. Thaler*, 565 U.S. 134, 142 n.3 (2012) (a certificate of probable cause is the "predecessor" to the COA mandated by 28 U.S.C. § 2253(c)). The Court also assumes that a COA is necessary for a *pro se* petitioner to appeal a denial of a request for release on bond. *Cf. Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993) ("[A] certificate of probable cause is a prerequisite to appealing the denial of a bail motion in a habeas proceeding.").

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the [the issue] should have been resolved in a different manner or that the issue[] . . . w[as] 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny Petitioner's request to be released on bond pending a decision on his Petition. Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a limited certificate of appealability.

### C. Motion to Supplement the Record

Petitioner requests that "the Court order Respondent [to] supplement and/or expand the [state court] record." (ECF No. 31 at 2.) He asks that the state court record on file with this Court include a copy of the motion he filed in the Tennessee Court of Criminal Appeals (the "TCCA") seeking a "recall of the mandate on the state habeas corpus petition, the TCCA orders denying [the motion,] and the Rule 11 Application and the Tennessee Supreme Court denial entered on August 8, 2018." (ECF No. 31 at 2.)

Respondent is **DIRECTED** to file a response to the motion indicating whether he has an objection to supplementing the record with the additional state court documents, and, if he does, the reasons for the objection. If Respondent has no objection, he shall file the additional documents as an attachment to his response. The response shall be filed within twenty-eight days of entry of this order.

**IT IS SO ORDERED**.

        s/ S. Thomas Anderson
        S. THOMAS ANDERSON
        CHIEF UNITED STATES DISTRICT JUDGE

Date: February 28, 2019