IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TIMOTHY A. BAXTER, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>GRADY PERRY, )<br>)<br>    Respondent. ) | No. 1:18-cv-01007-STA-jay |

ORDER DIRECTING THE CLERK TO MODIFY THE DOCKET
AND
DIRECTING THE PARTIES TO SUBMIT ADDITIONAL BRIEFING ON CLAIM 3

Petitioner Timothy A. Baxter has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2254. (ECF No. 1.) For the following reasons, the Court **DIRECTS** Petitioner and Respondent Grady Perry[1] to file supplemental briefs on Claim 3.

In 2012, Petitioner was convicted after a jury trial of failure to appear in his aggravated assault case. *State v. Baxter*, No. W2012-02555-CCA-R3CD, 2014 WL 29102, at *1 (Tenn. Crim. App. Jan. 3, 2014). In Baxter's direct appeal, the Tennessee Court of Criminal Appeals ("TCCA") rejected his argument that his conviction should be vacated because the trial court improperly admitted a transcript containing hearsay comments by Judge Roy Moore and by Baxter's defense counsel. *Baxter*, 2017 WL 3822903, at *1.

---

[1] Petitioner is currently imprisoned at South Central Correctional Facility. Because the warden of that facility is Grady Perry, the Clerk is **DIRECTED** to substitute Perry for Russell Washburn as Respondent. *See* 28 U.S.C. §§ 2242, 2243; *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004). The Clerk is also **DIRECTED** to update the docket to reflect Petitioner's current address.

After an unsuccessful post-conviction appeal, *see Baxter v. State*, No. W2016-00563-CCA-R3-PC, 2017 WL 3822903, at *1 (Tenn. Crim. App. Aug. 31, 2017), Baxter filed his Petition seeking federal habeas relief.  Claim 3, as set forth in the Petition, asserts:

> **GROUND THREE**:  State Trial Court abused its discretion by allowing admission of hearsay evidence violating *Crawford v. Washington*, [541 U.S. 36 (2004)].
> (a) **Supporting facts**[:]
>   The TCCA held this claim to be harmless error.  The TCCA dodged the federal/constitutional harm analysis under *Chapman v. California*, [386 U.S. 18 (1967)] .  The TCCA's opinion omits any federal harm analysis under *Chapman* error."

(ECF No. 1 at 8.)

Because the TCCA conducted a harmless-error analysis only with respect to Judge Morgan's statement, it appears from the Petition that Baxter is challenging the court's ruling only as to the judge's statement.  However, Petitioner's memorandum in support of the Petition, which references numerous theories not set forth in the Petition, includes a challenge to the TCCA's ruling regarding the admission of defense counsel's statement and also presents arguments based on state evidentiary law.  The somewhat confusing presentation of arguments pertaining to Claim 3, and the inconsistencies between the Petition and the memorandum, may explain why Respondent's argument in opposition to Claim 3 only addresses Judge Morgan's comment.

In addition, upon the Court's review of the briefs in Baxter's direct appeal, it appears that Petitioner might not have "fairly presented" to the TCCA the federal contours of Claim 3. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).  If a court raises a procedural default issue *sua sponte*, it must give the petitioner notice and an opportunity to address the issue and present any grounds for excusing the default.  *See Clinkscale v. Carter*, 375 F.3d 430, 437 (6th Cir. 2004); *Mason v. Brunsman*, 483 F. App'x 122, 129 (6th Cir. 2012); *cf. Day v. McDonough*, 547 U.S. 198,

209-10 (2006).  In the alternative, a court may simply deny a claim on the merits, if warranted. *See* 28 U.S.C. § 2254(b)(2).  As noted above, however, the scope of Claim 3 is uncertain.

Therefore, in order to advance the proper resolution of the Petition, the Court **DIRECTS** the parties to resubmit briefing on Claim 3.  Petitioner is **ORDERED** to file, within fourteen days of entry of this order, a supplemental brief regarding Claim 3 that includes clarification as to whether he is also challenging the TCCA's ruling regarding the admission of his defense counsel's statement.  He may, if he wishes, also address the procedural default issue.  Respondent is **ORDERED** to file, within fourteen days of Petitioner's submission, a supplemental brief addressing Claim 3.  If Respondent concludes that the issues were exhausted or chooses to waive that affirmative defense, his supplemental brief should address the merits of Claim 3.  Petitioner may file a supplemental reply within fourteen days after service of Respondent's supplemental brief.  No brief of either party shall exceed five pages, and no extensions of time will be granted. The Court will address all arguments pertaining to Claim 3, including any affirmative defenses, at the time it issues its decision on the Petition as a whole.

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: February 2, 2021